IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF THE STATE OF WASHINGTON

| Charles and Caron WARD, a marital community, | NO. |
|---|---|
| v. | COMPLAINT |
| UNITED STATES POSTAL SERVICE, and THE UNITED STATES OF AMERICA | |

## I.
## PARTIES

1.    Plaintiffs are a marital community residing in Mount Vernon, WA.

2.    The United States of America, through the United States Postal Service (USPS), operates a post office located at 1207 Cleveland Avenue in Mount Vernon, WA.

3.    This Court has jurisdiction of the action pursuant to 28 U.S.C.A. § 1346(b) and §2671, et seq;

4.    Venue is proper under 28 U.S.C.A. § 1402(b).

## II.
## FACTUAL BACKGROUND

5.    On January 10th, 2019, Plaintiff Charles Ward entered the grounds of the above-named Post Office branch to do business therein.

6.    Charles Ward was caused to fall by a defect upon said premises, severely injuring himself.  Said defect,

      a.    was located on a walkway near the entry of the USPS building in question; and

      b.    was a projection of cement caused by a gradual settling of the walkway.

**COMPLAINT Page 1 of 3**

**JOSEPH D. BOWEN**
**Attorney at Law, P.S.**
401 S. Second Street
Mount Vernon, WA 98273
(360) 336-6655; 336-2383 FAX

7.      The USPS knew or should have known that the defect was present for reasons including, but not limited to,

      a.      that its employees frequently traversed the area and

      b.      the defect was present for a substantial period of time before it caused Mr. Ward's injury; and

      c.      USPS employees took ineffective measures to warn patrons of the hazard.

9.      Furthermore, USPS should have reasonably anticipated that its patrons would not notice and protect themselves from the defect because,

      a.      the defect is at ground level;

      b.      USPS is frequented by patrons carrying packages for mailing, blocking such view of the defect as was available.

10.      USPS was negligent in failing to repair the defect.  As a direct and proximate cause of said negligence, Charles Ward suffered injuries including the following:

      a.       closed fracture of the distal end of the right radius;

      b.      closed non-displaced fracture of the head of the left radius;

      c.      closed non displaced fracture of tryloid process of right radius;

      d.      left wrist strain;

      e.      oleceranon impingement syndrome of left elbow;

      f.      small bone bruises of the coronoid process;

      e.      small bone bruises of the lateral humeral condyle;

      g.      left elbow effusion;

      h.      swelling over the dorsum of the left elbow;

11.      Plaintiffs and their marital community consequently suffered damages including, but not limited to, medical expenses, lost income, pain and debility in not less than the following sums:

| | | |
|---|---|---|
| a. | Medical Expenses | $102,522.32 |
| b. | Wage Loss | $   3,737.50 |
| c. | General Damages | $150,000.00 |
| d. | TOTAL | $253,737.50 |

**COMPLAINT Page 2 of 3**

JOSEPH D. BOWEN
**Attorney at Law, P.S.**
401 S. Second Street
Mount Vernon, WA 98273
(360) 336-6655; 336-2383 FAX

12.     Plaintiffs made a Federal Tort Claim to USPS. The USPS denied Plaintiff's claim by final administrative decision mailed to him on July 26, 2021.

### III.
### CLAIM

12.     The United States has consented to adjudication of this claim under the Federal Tort Claims Act and is liable for all errors and omissions by USPS employees which are actionable under the laws of the State of Washington.

13.     The United States is liable under the Washington's law for all damages incurred by Plaintiffs, both general and special, which were  proximately caused by the negligent acts and omissions described herein in which they failed to make their commercial premises reasonably safe for ingress/egress for commercial patrons or business invitees.

### IV.
### REQUEST FOR RELIEF

14.     WHEREFORE Plaintiffs request a judgment of money damages in compensation for the losses described herein and fairly proven by adjudication; together with an award as costs and attorney's fees permitted by law and such further relief as the Court deems equitable and just.

DATED THIS _____ day of _____, 20___.


JOSEPH D. BOWEN,
ATTORNEY AT LAW, P.S.

_____
Joseph D. Bowen, WSBA #17631
Attorney for Charles Ward

COMPLAINT Page 3 of 3